UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                           Chapter 7 Cases

JILL A. GATTO                                    Case No. 07-07394-8W7
JUDITH A. DICESARE                               Case No. 07-06536-8W7
RONALD J. DICKINSON, JR.                         Case No. 07-07029-8W7
and ANNA DICKINSON

    Debtors.
_____/

MEMORANDUM DECISION ON TRUSTEES'
OBJECTIONS TO DEBTORS' CLAIMS OF EXEMPTIONS

The Trustees' objections to the Debtors' claims of exemptions in these three cases present issues as to the interpretation of the expanded personal property exemption recently enacted under section 222.25(4) of the Florida Statutes.[1] This provision adds a new subparagraph four to section 222.25,[2] which provides: "[t]he following property is exempt from…legal process:…(4) [a] debtor's interest in personal property, not to exceed $4,000, if the debtor does not claim or receive the benefits of a homestead exemption under s. 4, Art. X of the State Constitution" ("Statutory Personal Property Exemption").

---

[1] This new provision is effective July 1, 2007, and thus would apply to all cases filed on or after that date. See, e.g., In re Fodor, 339 B.R. 519 (Bankr. M.D. Fla. 2006) (the date on which the debtor files the petition is the date that controls what exemptions are available).
[2] The entire section 222.25, Florida Statutes, is titled: "Other individual property of natural persons exempt from legal process."

The Trustees in these cases have objected to the three debtors' ("Debtors") claims of the Statutory Personal Property Exemption on the basis that while the Debtors have not specifically claimed their homes as exempt in their bankruptcy schedules, they have nevertheless received various benefits from ownership of their homesteads. To the contrary, it is the conclusion of the Court that the fact that the Debtors did not claim their homes as exempt under section 4, article X of the Florida Constitution combined with their surrender of their respective homes, results in their receiving no benefit of the constitutional homestead exemption. Accordingly, the Debtors are entitled to the Statutory Personal Property Exemption, and the Trustees' objections on this basis are overruled.

The Trustees also object to the Debtors' "stacking" their existing $1,000 personal property exemption under section 4(a)(2) of article X of the Florida Constitution ("Constitutional Personal Property Exemption") with the Statutory Personal Property Exemption. Nothing in the Statutory Personal Property Exemption makes it unavailable to a debtor who is also claiming the Constitutional Personal Property Exemption. Therefore, this objection is also overruled. The Debtors are entitled to claim the Statutory Personal Property Exemption in addition to the Constitutional Personal Property Exemption, for a total of $5,000 in personal property exemptions.

Finally, each of the Debtors in the joint case filed by Ronald and Anna Dickinson is entitled to claim both the Constitutional Personal Property Exemption and the Statutory Personal Property Exemption. As a result, in a joint case in which neither debtor claims nor receives the benefit of the homestead exemption under section 4, article X of the Florida Constitution, they may each claim up to $5,000 of personal property as exempt for an aggregate total of $10,000 of exempt personal property.

## Factual Background

These three cases share common factual circumstances. As of the date of commencement of their respective cases, the Debtors in each case lived in a primary residence that was eligible to be claimed exempt as homestead under section 4, article X of the Florida Constitution. None of the Debtors claimed their home as exempt in their bankruptcy schedules. Rather, each timely stated an intention to surrender their home pursuant to Bankruptcy Code section 521(a)(2)(A). However, each Debtor did claim various personal property as exempt under the Statutory Personal Property Exemption.

## Conclusions of Law[3]

A. <u>The Debtors in These Cases Receive no Benefits from the Constitutional Homestead Exemption</u>

As referenced above, the Statutory Personal Property Exemption contains two exclusions from its availability to a debtor. The first exclusion arises where the debtor affirmatively "claims" the benefits of a homestead exemption under section 4, article X of the Florida Constitution. This exclusion does not apply here as none of the Debtors claimed a homestead exemption. Rather, the focus in these cases is on the second exclusion from the availability of this exemption, which applies where a debtor--even though not claiming the exemption-- does nevertheless "…receive the benefits of a homestead exemption under s. 4, Art. X of the State Constitution." Fla. Stat. § 222.25(4) (2007).

In interpreting the words of this second exclusion, the Court must begin with the basic proposition that exemptions are to be construed liberally in favor of providing the benefits of the exemptions to debtors. *Havoco of Am., Ltd. v. Hill*, 790 So. 2d 1018, 1021 (Fla. 2001) (quoting *Milton v. Milton,* 63 Fla. 533, 58 So. 718, 719 (1912)). Then the Court should look to the words used in Florida Statute 222.25(4), as statutory interpretation begins with the language of the statute itself.

---

[3] This Court has jurisdiction of this matter under 28 U.S.C. sections 157 and 1334(b). This is a core proceeding pursuant to 28 U.S.C. section 157(b)(2)(B).

4

*U.S. v. BDD, Inc.*, 180 F.3d 1277, 1281 (11th Cir. 1999). If the language of a statute is plain, courts must enforce the statute according to its terms. *In re Griffith*, 206 F.3d. 1389, 1393 (11th Cir. 2000) (citing *U.S. v. Ron Pair Enter.*, 489 U.S. 235, 241, 109 S. Ct. 1026, 1030 (1989)). An often-cited exception to this general rule arises when the statute's language is ambiguous. *BDD, Inc.*, 180 F.3d at 1281. However, the language of the second exclusion from the availability of the Statutory Personal Property Exemption is not ambiguous. It can be easily understood and interpreted according to the plain meaning of its three operative components: "receive," "benefits," and "homestead exemption."

The word "receive" is in the present tense. This is consistent with the general proposition that a debtor's entitlement to an exemption is determined as of the date of the petition. *Fodor*, 339 B.R. at 521 (citations omitted); *see also In re Ballato*, 318 B.R. 205, 209 (Bankr. M.D. Fla. 2004). Viewed from this perspective, the second exclusion must be read in the context of whether a debtor will receive "benefits," as modified by the prepositional phrase that follows: "of a homestead exemption under s. 4, Art. X of the State Constitution" as of the date of the petition. In this regard the modifying prepositional phrase "of a homestead exemption under s. 4, Art. X of the State Constitution" is a restrictive

clause that limits the word it modifies--"benefits." John C. Hodges & Mary E. Whitten, Harbrace College Handbook 138, 302, 553 (Harcourt Brace Jovanovich, Inc. 9th ed. 1982).

It follows then that the second and third parts of this exclusion are most easily understood when read in the context of their proximity to each other. That is, a debtor must not only receive "benefits," but those "benefits" must derive from the constitutional exemption from the reach of creditors contained in "s. 4, Art. X of the State Constitution." In light of the immediately following restrictive clause "of a homestead exemption under s. 4, Art. X of the State Constitution," it is clear that the advantage to be received must be derived from the Florida constitutional exemption for a homestead from the reach of creditors.

Thus, the second exclusion is intended to ensure that a debtor who does not affirmatively claim the homestead exemption must not be able to indirectly receive its benefit while claiming the Statutory Personal Property Exemption. This might arise, for example, in a joint filing by a husband and wife where the husband claims the Statutory Personal Property Exemption and the wife claims the homestead exemption. Or, it may occur where only the husband files for bankruptcy claiming only the Statutory Personal Property Exemption and the non-filing wife retains homestead rights with respect to creditors.

In such instances, the retention by the wife of the benefits of the homestead exemption would necessarily benefit the husband, who, while not explicitly claiming the homestead exemption, would nevertheless receive the benefits of the exempt status of the jointly owned homestead.[4]

In summary, if a debtor receives the benefits of a homestead exemption with respect to insulating the property from the reach of creditors, then that debtor should not receive the

---

[4] While a bankruptcy trustee, pursuant to Bankruptcy Code section 363(h), may attempt to partition and sell the debtor's interest in the home where the debtor does not claim the homestead as exempt under section 4, article X of the Florida Constitution, it is questionable whether such an attempt to utilize section 363(h) in this fashion would be successful. In Florida, homesteads are regarded as "sacred cows" and cannot be alienated so as to harm the interests of those meant to be protected by its very character as homestead. *Daniels v. Katz*, 237 So. 2d 58, 60 (Fla. 3d DCA 1970) (citations omitted). As such, the rights of each spouse pertain to the entire home. To this end, homestead status of a home may not be destroyed unless both spouses join in the conveyance of the homestead to a third party, even where the homestead is owned by only one spouse. *Taylor v. Maness*, 941 So. 2d 559, 564 (Fla. 3d DCA 2006); *Pitts v. Pastore*, 561 So. 2d 297, 300 (Fla. 2d DCA 1990); *Jameson v. Jameson*, 387 So.2d 351, 353 (Fla. 1980). Moreover, one spouse cannot destroy the other's homestead rights by apparent abandonment, mere express or implied intent, or indication of his choice. *Pierrepont v. Humphreys (In re Newman's Estate)*, 413 So. 2d 140, 142 (Fla. 5th DCA 1982). That is, one spouse acting alone cannot abandon the homestead rights of the other spouse. *Id.*

In bankruptcy, property comprising the bankruptcy estate, as broadly defined by section 541(a), includes all legal or equitable interest of the debtor in property as exist under state law as of the commencement of the case. *In re Borison*, 226 B.R. 779, 785 (Bankr. S.D.N.Y. 1998); *see also Butner v. U.S.*, 440 U.S. 48, 54 (1979) (property rights of a bankruptcy estate are generally determined by state law). Importantly, the bankruptcy trustee has no greater rights to the estate property than the debtor and is subject to all claims, liens, and equities that the debtor is subject to with respect to such property. *Sapero v. Neiswender (In re Bowling Const. Corp.)*, 23 F.2d 403, 406 (4th Cir. 1928) (citing *Zartman v. First Nat. Bank of Waterloo, N.Y.*, 216 U.S. 134 (U.S. 1910)); *accord In re J.T.R. Corp.*, 958 F.2d 602, 605 (4th Cir. 1992) (the trustee has no greater rights than the debtor, in whose shoes he stands). It would appear to follow, therefore, that because a debtor cannot act on behalf of his spouse to alienate or abandon his spouse's interest in their homestead, a debtor's failure to claim homestead does not create a right in the trustee that the debtor does not have to partition that homestead property.

7

additional benefit of the Statutory Personal Property Exemption. Likewise, if a debtor does not receive such benefits of the homestead exemption, then that debtor is entitled to the Statutory Personal Property Exemption.

Given this plain meaning, the Trustees' arguments simply miss the mark. They point to benefits that are incidental to the ownership of a home such as the acquisition of owner's equity, the ability to deduct mortgage interest, and the exemption and cap on real estate taxes. None of these benefits derive from the exemption for a homestead from the reach of creditors under section 4, article X of the Florida Constitution.[5] That is, it is only where a debtor does not claim the benefit of shielding the homestead from creditors, as opposed to other non-creditor related homestead benefits, that the debtor may enjoy the Statutory Personal Property Exemption. None of the Debtors in these cases are seeking to use the homestead exemption to shield the equity in their homes from their creditors.

A debtor's failure to claim a home as exempt under section 4, article X of the Florida Constitution is not without consequence. Upon filing bankruptcy, all of the debtor's

---

[5] The Court notes that election of homestead as a classification for tax exempt status is different from the homestead exemption from forced sale and judgment lien provided in the bankruptcy context. The tax exemption for a homestead is found in article VII, section 6 of the State Constitution, not article X, section 4, the provision referenced in Florida Statute 222.25(4). *S. Walls, Inc. v. Stilwell Corp.*, 810 So. 2d 566, 569 (Fla. 5th DCA 2002).

interest in property, including any potentially exempt property, becomes property of a bankruptcy estate under section 541. If the debtor does not claim property as exempt, then it remains property of the estate and, if there is equity above existing liens, it is typically sold under section 363 for the benefit of creditors.[6] On the other hand, if a home has no value because the amount of debt secured by the property exceeds its probable liquidation value, it is typically abandoned by the trustee as being of inconsequential value under section 554.

In order to avoid this process, a debtor must claim the property as exempt by listing it in Schedule C. None of the Debtors in these cases have made such a claim. Instead, they have elected to surrender their homes. Accordingly, they cannot receive the benefits of the Florida constitutional homestead exemption within the meaning of 222.25(4), Florida Statutes. Consequently, they are entitled to claim the Statutory Personal Property Exemption.

B.  Stacking of Statutory and Constitutional Exemptions

Having decided that the Debtors are entitled to claim $4,000 in personal property as exempt under Florida Statute 222.25(4), the Court must next resolve whether the Debtors can stack this exemption on top of the existing $1,000 personal

---

[6] A trustee's rights to partition and sell the property may still be subject, however, to the homestead rights of the debtor's spouse as discussed supra, n. 4.

9

property allowance provided by section 4, article X of the Florida Constitution to claim up to $5,000 in personal property as exempt.

The Trustees contend that Florida Statute 222.25(4) increases the amount of personal property exemption to a total of $4,000, instead of the $5,000 claimed by the Debtors. They assert that in enacting Florida Statute 222.25(4), it was the intent of the Legislature to raise the existing exemption found in section 4, article X of the Florida Constitution from $1,000 to $4,000. In support of this proposition, the Trustees cite to the legislative history contained in the Florida Senate Professional Staff Analysis and Economic Impact Statement ("Senate Legislative History"), which refers to the new legislation as amending section 222.25 "to increase to $4,000 from $1,000 the amount of the personal property exempt from creditor claims…." Fla. S. Comm. on Jud. CS for SB 2118 (2007) Staff Analysis (April 19, 2007) (on file with comm.).

This argument fails for several reasons. First, even if one were to resort to the Senate Legislative History, it would produce a conflicting result as the Florida House Professional Staff Analysis and Economic Impact Statement ("House Legislative History") is inconsistent with the Senate Legislative History. In this regard, the House Legislative History states that the new law amends section 222.25 "to *add an additional* exemption…to

include personal property…up to $4,000….″ Fla. H.R. Comm. on Debt, CS for HB 1445 (2007) Staff Analysis (April 19, 2007) (on file with comm.)(emphasis supplied). In contrast, the Senate language references an increase from $1,000 to $4,000. In light of this contradiction, resort to legislative history does not aid in construing legislative intent and, therefore, cannot properly be considered.

Second, as discussed by the Honorable Alexander L. Paskay in his recent decision of *In re Bezares*, 377 B.R. 413 (Bankr. M.D. Fla. 2007), if the Statutory Personal Property Exemption was intended to simply increase the existing Constitutional Personal Property Exemption granted by section 4, article X of the Florida Constitution, then the Legislature exceeded its authority in expanding the existing constitutionally derived personal property exemption. The Legislature has no power to alter or amend a constitutional provision. *Id.* at 415. The only method by which the Florida Constitution can be altered or amended is by a constitutional amendment pursuant to section 5 of article XI of the Florida Constitution. *Id.*

Finally, as discussed above, new section 222.25(4) is not ambiguous. There is nothing in the language of this new provision that implies it is anything more than a new personal property exemption to be applied along with the various other exemptions that are already available under chapter 222, the

Florida Constitution, and other law. These exemptions are routinely claimed cumulatively to the extent that each is available according to its terms and a debtor's circumstances. Thus, in a chapter 7 case, an individual debtor may claim a homestead and the Constitutional Personal Property Exemption, and then supplement these constitutionally derived exemptions with others provided for by law such as chapter 222. Under chapter 222, debtors routinely claim and are allowed additional exemptions up to $1,000 in a motor vehicle, interests in professionally prescribed health aids, and traceable earned interest in a tax refund--in addition to claiming exemptions under section 4, article X of the Florida Constitution. Fla. Stat. § 222.25(1)-(3) (2007).

There is nothing in the plain language of section 222.25(4) that supports a contrary interpretation. That is, if section 222.25(4) was intended to be used exclusive of the existing Constitutional Personal Property Exemption, the statute could have been drafted to read: "if the debtor does not claim or receive the benefits of a homestead exemption *or personal property exemption* under s. 4, Art. X of the State Constitution…." The statute could have simply referenced not only the "homestead exemption" in reference to section 4, article X of the Florida Constitution, but also the portion of that constitutional provision that provides the Constitutional

Personal Property Exemption. It does not. Therefore, based on the plain language of the statute and applying the legal maxim *expressio unius est exclusio alterius*,[7] the Court finds that the Statutory Personal Property Exemption may be used in conjunction with the Constitutional Personal Property Exemption.

Accordingly, the Debtors may stack the Constitutional and Statutory Personal Property Exemptions to claim a total of $5,000.

C. <u>Entitlement of Each Joint Debtor to Statutory Personal Property Exemption</u>

The final issue is whether, in a case filed by both spouses,[8] each of the joint debtors is able to independently claim personal property as exempt under the Statutory Personal Property Exemption. This would result in joint debtors having an aggregate personal property exemption of up to $10,000 if they each utilize the Statutory Personal Property Exemption together with the Constitutional Personal Property Exemption.

In this respect, as discussed in *In re Rasmussen*, 349 B.R. 747 (Bankr. M.D. Fla. 2006), it is clear under Florida law that each debtor may claim exemptions separately. The concept of joint debtors stacking exemptions is consistent with the current practice under both Florida law and the Bankruptcy Code

---

[7] *See, e.g., Continental Illinois Nat. Bank & Trust Co. of Chicago v. Chicago, R.I. & P. Ry. Co.*, 294 U.S. 648, 677, 55 S. Ct. 595, 607 (1935).
[8] This issue only arises in the case of Ronald J. Dickinson, Jr. and Anna Dickinson, Case No. 07-07029-8W7.

governing other exemptions. *Id.* at 753. For example, each spouse is entitled to the Constitutional Personal Property Exemption, even though the personalty is jointly owned, resulting in an aggregate personal property exemption of $2,000. *Id.* (citing Fla. Const. art. X, § 4(a)(2); *In re Howe*, 241 B.R. 242, 245 (Bankr. M.D. Fla. 1999); *In re Moody*, 241 B.R. 238, 241 (Bankr. M.D. Fla. 1999)). Likewise, each spouse is entitled to a $1,000 exemption for a motor vehicle, resulting in an aggregate automobile exemption of $2,000. *Id.* (citing Fla. Stat. § 222.25(1) (2006)).

Accordingly, applying this principle from *Rasmussen* to this case, the Court concludes that the Joint Debtors may each claim the Statutory Personal Property Exemption.

## Conclusion

Because the Debtors did not claim their homes as exempt, and because they are surrendering their respective homes, they will receive no benefit of the homestead exemption under section 4, article X of the Florida Constitution. As a result, they are entitled to the Statutory Personal Property Exemption provided for by section 222.25(4), Florida Statutes.

Furthermore, the Court finds nothing in the Statutory Personal Property Exemption that makes it unavailable to a Debtor who is also claiming the Constitutional Personal Property Exemption. Therefore, the Debtors are entitled to claim the

Statutory Personal Property Exemption in addition to the Constitutional Personal Property Exemption, for a total of up to $5,000 of exempt personal property.

Finally, in a joint case where each debtor is otherwise entitled to claim the Statutory Personal Property Exemption and the Constitutional Personal Property Exemption, they may each claim up to $5,000 of personal property as exempt for a total of $10,000 of exempt personal property in the joint case.

Accordingly, the Trustees' objections on these bases are overruled. A separate order, containing terms consistent with this memorandum decision, will be entered by this Court in each of the above-captioned cases.

DATED at Tampa, Florida, on December 18, 2007.

_____
Michael G. Williamson
United States Bankruptcy Judge

Copies to:

*Debtors' Counsel*:
Louis J. Brunoforte, Esq.
10506 Spring Hill Drive
Spring Hill, FL 34608

*Co-Counsel for Debtor*
*Judith Dicesare*:
Sheila D. Norman, Esq.
Norman and Bullington, P.A.
1905 W. Kennedy Boulevard
Tampa, FL 33606

*Trustees' Counsel*:
David B. McEwen, Esq.
David B. McEwen, P.A.
560 First Avenue North
St. Petersburg, FL 33701

Herbert A. Donica, Esq.
Donica Law Firm, P.A.
106 S. Tampania Avenue, #250
Tampa, FL 33609

*Amicus Curiae*:
Daniel J. Herman, Esq.
Pecarek & Herman
200 Clearwater-Largo Road South
Largo, FL 33770

*Chapter 7 Trustees*:
Traci K. Stevenson
P.O. Box 86690
Madeira Beach, FL 33738

Susan K. Woodard
P.O. Box 7828
St. Petersburg, FL 33734

*Debtors*:
Jill A. Gatto
17459 Macassar Road
Weeki Wachee, FL 34614

Judith A. DiCesare
5101 Elwood Road
Spring Hill, FL 34608

Ronald J. Dickinson, Jr.
and Anna Dickinson
2100 Meredith Drive
Spring Hill, FL 34608